JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANTS
DESTINATION HOTELS & RESORTS, INC. d/b/a RESORT AT SQUAW CREEK

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Los Angeles / Placer
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
350 The Embarcadero, Suite 500
San Francisco, CA 94105
(415) 625-5651

Attorneys (If Known)

MEJ
E-filing
ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** [ ] 362 Personal Injury— Med. Malpractice [ ] 365 Personal Injury — Product Liability [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  |  | [ ] 640 R.R. & Truck |  | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 480 Consumer Credit |
|  | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** [ ] 370 Other Fraud [ ] 371 Truth in Lending [ ] 380 Other Personal Property Damage [ ] 385 Property Damage Product Liability | [ ] 690 Other | [ ] 840 Trademark | [ ] 490 Cable/Sat TV |
|  |  |  |  |  | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle |  | **LABOR** |  | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability |  | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract |  |  |  | [ ] 861 HIA (1395ff) |  |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury |  | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise |  | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** |  |  | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
|  |  |  | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation |  | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [X] 442 Employment |  | [ ] 791 Empl. Ret. Inc. Security Act |  | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | **Habeas Corpus:** |  | **FEDERAL TAX SUITS** |  |
| [ ] 240 Torts to Land |  | [ ] 530 General |  |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |  |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 |  |
|  |  | [ ] 550 Civil Rights | [ ] 462 Naturalization Application |  |  |
|  | [ ] 446 Amer. w/Disabilities – Other | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 440 Other Civil Rights |  | [ ] 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C §2000e-5(f)(3) [Title VII, Civil Rights Act of 1964]; 42 U.S.C §1981a [Title I, Civil Rights Act of 1991]

Brief description of cause:
Unlawful employment practices on the basis of sex discrimination and retaliation.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE"

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE    [ ] EUREKA

DATE 9/28/2011    9/28/2011    SIGNATURE OF ATTORNEY OF RECORD

WILLIAM R. TAMAYO -- #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
DAVID F. OFFEN-BROWN - #63321 (CA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105
Telephone:   (415) 625-5653
Facsimile:    (415) 625-5657
cindy.ohara@eeoc.gov

Attorneys for Plaintiff EEOC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Civil Action No. 4816 |
| Plaintiff, | **COMPLAINT** |
| v. | Civil Rights - Employment Discrimination |
| DESTINATION HOTELS & RESORTS, INC., dba Resort at Squaw Creek, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## NATURE OF THE ACTION

This action is brought pursuant to Title VII or the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Shira Garfinkel who was adversely affected by such practices. Defendant Destination Hotels & Resorts, Inc., dba Resort at Squaw Creek, subjected Ms. Garfinkel to unlawful discrimination (harassment) based on her sex and to unlawful retaliation after she expressed her opposition to the unlawful discrimination.

//

//

COMPLAINT                                                                                              Page 1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged herein were committed in the State of California, thus venue is proper "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." (Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3)). Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to San Francisco/Oakland as the administrative charges underlying this case were investigated in the San Francisco District Office of Plaintiff Equal Employment Opportunity Commission, and the records related to that investigation are in San Francisco.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, § 2000-e(f)(1) and (3).

5. Defendant Destination Hotels & Resorts, Inc., dba Resort at Squaw Creek, ("Defendant") is a California corporation, doing business in the State of California, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000-e(b), (g) and (h).

//

## STATEMENT OF CLAIMS

## FIRST CLAIM FOR RELIEF

### Violation of Title VII of Civil Rights Act Based on Sex Discrimination

7. More than thirty days prior to the institution of this lawsuit, Charging Party Shira Garfinkel ("Charging Party") filed a charge with Plaintiff Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least December 2005, Defendant has engaged in unlawful practices of sex discrimination in violation Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Charging Party to sex discrimination in the form of hostile environment sex harassment. Charging Party, who was employed by Defendant in the Resort at Squaw Creek, was subjected to sexual harassment from a coworker, which included but was not limited to repeated and persistent attempts on the part of the coworker to get Charging Party to date and otherwise enter into a personal relationship with him, unwelcome touching, and other actions which would not have occurred but for Charging Party's sex. When Charging Party repeatedly rejected the coworker's propositions, the hostile environment escalated to threats of physical violence by the harasser against Charging Party. Although Charging Party complained to her manager, assistant manager, and human resources representative regarding the coworkers's harassment, said officials failed and refused to take prompt and effective action to stop the harassment and/or prevent the harassment from continuing.

9. The effect of the actions complained of in paragraph 8 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of sex.

10. The unlawful employment practices complained of in paragraph 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of

1 Charging Party.

## SECOND CLAIM FOR RELIEF

### Violation of Title VII of Civil Rights Act Based on Retaliation

12. Plaintiff Commission hereby incorporates the allegations of paragraphs 1 through 8 above as though fully set forth herein.

13. In addition to the above-referenced discrimination, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000-e-3(a) by subjecting Charging Party to retaliation after she opposed the sex discrimination referenced herein at paragraph 8 by taking actions including but not limited to complaining to her manager, assistant manager and human resources representative; including but not limited to a retaliatory transfer which resulted in the loss of hours, pay and/or seniority.

14. The effect of the actions complained of in paragraph 13 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her protected activity.

15. The unlawful employment practices complained of in paragraph 13 above were intentional.

16. The unlawful employment practices complained of in paragraph 13 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons acting in concert or participation with it, from engaging in discrimination based on sex and retaliation against its employees.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit sex discrimination, including harassment, and retaliation, and which eradicate the effects of its unlawful employment practices.

COMPLAINT                                                                                           Page 4

1  C. Order Defendant to make whole Charging Party by providing appropriate
2  back pay and benefits with prejudgment interest, and other affirmative relief necessary
3  to eradicate the effects of its unlawful employment practices, in amounts to be
4  determined at trial.

5  D. Order Defendant to make whole Charging Party by providing
6  compensation for past and future pecuniary losses resulting from the unlawful
7  employment practices complained of above, including but not limited to such out-of-
8  pocket expenses as medical care necessitated by Defendant's unlawful conduct, in
9  amounts to be determined at trial.

10  E. Order Defendant to make whole Charging Party by providing
11  compensation for past and future nonpecuniary losses resulting from the unlawful
12  practices complained of above including, but not limited to emotional pain and
13  suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be
14  determined at trial.

15  F. Order Defendant to pay Charging Party punitive damages for the
16  malicious and reckless conduct described above, in amounts to be determined at trial.

17  G. Grant such further relief as the Court may deem just and proper in the
18  public interest.

19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

1     H.     Award the Commission its costs of this action.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

                           P. David Lopez
                           General Counsel

                           JAMES L. LEE
                           Deputy General Counsel

                           GWENDOLYN YOUNG REAMS
                           Associate General Counsel

                           EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
                           Office of the General Counsel
                           Washington, DC 20507

Dated: 9/28/11

                           WILLIAM R. TAMAYO
                           Regional Attorney

Dated: 9/27/11

                           DAVID OFFEN-BROWN
                           Supervisory Trial Attorney

Dated: Sept. 27, 2011

                           CINDY O'HARA
                           Senior Trial Attorney