WILLIAM R. TAMAYO, SBN 084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
CINDY O'HARA, SBN 114555 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA  94105
Telephone No. (415) 625-5653
Fax No. (415) 625-5657
cindy.ohara@eeoc.gov

*Attorneys for Plaintiff EEOC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DESTINATION HOTELS & RESORTS, INC., d/b/a Resort at Squaw Creek, and DESTINATION TAHOE HOTEL, INC.,<br><br>Defendant. | Case No.:  CV 12-00278 LKK-KJN<br><br>**CONSENT DECREE** |

Plaintiff Equal Employment Opportunity Commission ("Commission") filed this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII") to correct alleged unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Charging Party Shira Garfinkel ("Charging Party"), whom the Commission alleged was adversely affected by such practices.  The Commission alleged that Defendants Destination Hotels & Resorts, Inc., d/b/a Resort at Squaw Creek, and/or Destination Tahoe Hotel, Inc. ("Defendant") subjected Charging Party to unlawful harassment based on her sex, and retaliated against her when she opposed the unlawful discrimination, in violation of Title VII.  Defendant has denied these allegations.  The Commission and Defendant now seek to resolve this action as to each other and as between Defendant and Charging Party without further contested

litigation through this Consent Decree.  This resolution does not constitute an admission of liability on the part of Defendant, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1. This Court has jurisdiction over the subject matter and the parties to this action.  This Court retains jurisdiction over this Consent Decree during its term.

2. This Consent Decree constitutes a full and final resolution of the Commission's claims against Defendant in this action.

3. This Consent Decree will become effective upon its entry by the Court.

4. This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5. The Commission and Defendant will each bear its own costs and attorney fees in this action.

**INJUNCTIVE RELIEF**

6. Defendant and its current officers, agents, employees, and all persons in active concert or participation with them will not retaliate against the Charging Party, or any other employee or former employee, for having testified or participated in any manner in the Commission's investigation and the proceedings in this case.

**Non-Discrimination Policies**

7. Within ninety (90) days of the entry of this Consent Decree, Destination Tahoe Hotel Inc. ("Employer") will revise its employee handbook's provisions regarding discriminatory harassment and retaliation to include gender based harassment, and remove the following language:

> Intentionally making a false report or providing false information is grounds for discipline, whether or not the unlawful harassment is actually proved or disciplinary action is taken as a result of the unlawful harassment claim.

8. Upon the completion of the revisions specified in Paragraph 7, a copy will be issued to each employee of Employer within sixty (60) days of the completion of the training described below. The final version of these revised provisions will be provided to counsel for the Commission ten (10) days prior to their issuance. In addition, the Commission will provide Employer with a pamphlet regarding sexual harassment to be distributed to its employees.

9. Whenever Employer hires new employees or rehires former employees, it will distribute an employee handbook containing these revised provisions to each new or rehired employee.

**Training**

10. Within six (6) months of the execution of this Decree, Employer will use an outside consultant, paid for by Employer, to conduct the following training:

> Provide no less than two (2) hours of training of all managers and supervisors employed as of the date of the training regarding their own obligations not to unlawfully discriminate or harass based on sex or retaliate against employees who complain of such discrimination or harassment; their obligations to provide employees with a workplace free from unlawful discrimination and harassment on the basis of sex and retaliation; and on their responsibilities and obligations if an employee complains to them about unlawful discrimination or harassment on the basis of sex or retaliation, or if they observe unlawful discrimination or harassment on the basis of sex or retaliation.

**Record Keeping and Reports**

11. Within thirty (30) days after completing the training session described in Paragraph 10, Employer will mail to counsel for the Commission a report containing the date of training, the name of the trainer and/or training program, an outline of the training content, a list of all attendees, and copies of all materials distributed at the training.

12. Once every six (6) months, to be measured beginning at the date of entry of this Consent Decree and continuing for the duration of this Consent Decree, Employer will notify the counsel for the Commission whether its human resources department has received any complaints

of unlawful sexual harassment or retaliation for any conduct protected by Title VII from its employees (whether said complaints were filed with an administrative agency or simply raised to a human resource official at the workplace), what steps were taken in response to that information, and how the situation was resolved.

**MONETARY RELIEF**

13. Defendant will pay the sum of $30,000.00 to and for the benefit of Charging Party in complete satisfaction of the Commission's and Charging Party's claims against Defendant as set forth in the Complaint.

**EXPIRATION OF CONSENT DECREE**

14. This Consent Decree constitutes a full and final resolution of all the Commission's claims. This Consent Decree will expire at midnight of December 31, 2014.

15. Charging Party is not a party to the Consent Decree, but agrees with the terms of the Consent Decree.

| On Behalf of Plaintiff Commission: | On Behalf of Defendant: |
|---|---|
| Dated:  September 18, 2013 | Dated:  September 18, 2013 |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | JACKSON LEWIS |
| /s/ William R. Tamayo<br>WILLIAM R. TAMAYO<br>Regional Attorney | /s/ James T. Jones<br>JAMES T. JONES<br>JERRY J. DESCHLER, Jr. |
| /s/ Jonathan Peck<br>JONATHAN PECK<br>Supervisory Trial Attorney | |
| /s/ Cindy O'Hara<br>CINDY O'HARA<br>Senior Trial Attorney | |

**ORDER**

It is so ordered.

DATED: September 25, 2013

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT